Richard O. Middlebrook, Jr., SBN: 167723
**Law Offices of Richard O. Middlebrook**
5201 California Avenue, Suite 450
Bakersfield, California 93309
(661) 636-1333

Attorney for Defendants and Cross-Complainants
CHRIS JACKSON and NANCY HOLMAN

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICTOF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JOHN HADDAD ) | Case No. 1:07-CV-01676-OWW-DLB |
| ) | |
| Plaintiff/Cross-Defendant, ) | **STIPULATION TO MUTUAL INJUNCTION AND; ENFORCEMENT REMEMIES AND ORDER THEREON** |
| ) | |
| vs. ) | |
| ) | |
| CHRIS JACKSON, NANCY HOLMAN, ) | |
| ) | |
| Defendants/Cross-Complainants. ) | |

Plaintiff and Cross-Defendant, JOHN HADDAD (hereinafter "HADDAD"), by and through his attorney H. Ty Kharazi, Esq. of Kharazi & Sirabian, and Defendants and Cross-Complainants, CHRIS JACKSON and NANCY HOLMAN (hereinafter "JACKSON/HOLMAN"), by and through their attorney Richard O. Middlebrook, Esq. of Richard O. Middlebrook, A Professional Corporation, herein stipulate as follows:

1.  **AGREEMENT TO ENTER INTO STIPULATION**: The parties agree to enter into a stipulation for mutual injunctive orders with remedies specifically as outlined in this document subject to approval of the U.S. Judge presiding over this matter. The parties specifically waive further redress of grievances and any legal remedial rights they may have by law if not contained herein this Agreement

A Mutual Injunctive Order With Enforcement Order         1

PDF created with pdfFactory trial version www.pdffactory.com

(hereinafter "Agreement"). "Action" is defined by the case filed in the United States District Court, Eastern District of California, Fresno Division under Case No. 1:07-CV-01676-OWW-DLB wherein Haddad is the Plaintiff/Cross-Defendant and Jackson/Holman are the Defendants/Cross-Complainants.

2. **PARTIES DEFINED:** Parties, as defined in Agreement, include HADDAD and JACKSON/HOLMAN. The parties agree and hereby stipulate to add Nancy Hollman as a defendant and cross-complainant in this matter. However, the parties shall be held responsible in Agreement for actions taken on their behalf or at their direction by directors, officers, shareholders, agents, servants, representatives, employees, assigns and attorneys of each of them, separately and collectively.

3. **INJUNCTIVE ORDER AGAINST DEROGATORY WORDS AND ACTIONS:** Neither party shall make derogatory comments, gestures or noises to or about the other party within the other party's presence or earshot, or allow others in their presence to do so. All parties shall direct their employees and guests to refrain from such derogatory comments, gestures and noises, and shall take responsible action to insure that such derogatory comments, gestures and/or noises shall not occur.

4. **NO PHOTOGRAPHY OR VIDEO RECORDING:** The parties shall not videotape or photograph each other unless it is to prove a violation of this injunctive order. Each party's stationary surveillance of their own respective property is allowed. Neither party shall use stationary surveillance of the other party's property. The purpose of this provision is to prohibit harassment.

5. **NOISE VIOLATIONS:** Neither party shall cause any noise to emanate from their property that can be heard 150 feet or more away from 9:00 p.m. to 6:00 a.m. weekdays and 10:00 p.m. to 6:00 a.m. on weekends. In the event there is a social gathering or other large event at either party's property which is likely to violate this provision, such party shall notify the other party 72 hours in advance of the event in a manner likely to provide notice of the event or gathering.

PDF created with pdfFactory trial version www.pdffactory.com

6. **TRESPASS:**  Neither party shall trespass on the other party's property or allow others to do so, nor permit debris or other items of personal property owned or controlled by them, to be placed on the other party's property.

7. **DAMAGE:**  Neither party shall intentionally damage the other party's property.

8. **HARASS:**  Neither party shall harass, annoy, vex, threaten, strike, harm, or impede the progress of the other party.

9. **ANIMALS:**   Neither party shall harm or take any action that will foreseeably harm the other party's animals.  If either party's animals shall stray onto the other party's property, the animals will be returned forthwith.  If the animals cannot be returned forthwith, the party onto whose property the animals have strayed shall notify the other party immediately.

10. **UTILITIES:**  The parties agree to stay away from each other's phone boxes.  JACKSON will not volunteer to do PG&E work on HADDAD's properties and if requested JACKSON will inform PG&E that he is not permitted to enter onto HADDAD's properties as a result of this mutual agreement.

11. **OFF-PROPERTY WORK:** If either HADDAD or JACKSON/HOLMAN proposes to do work outside of their property boundaries, they shall first provide to the other party with at least 15 days written notice of the nature, scope and proposed commencement date of the work.  If a party objects to the work, they shall contact the arbitrator within three (3) business days and arbitration shall commence within 30 days, and no work shall commence until the arbitrator's decision is rendered.

12. **SHEET METAL FENCING:**  All sheet metal fencing and spray painted signs on the fence near the property line between Round Mountain Road and Kern River by HADDAD's property will be removed.  All pallets, metal tanks and debris shall be moved away from the HADDAD – JACKSON/HOLMAN fence line.  No new signs will be installed on the new wall or any other fences between the parties' respective properties.

PDF created with pdfFactory trial version www.pdffactory.com

13. **LIGHTS:**  All lights under the control of either party shall not be directed to shine on the dwelling or property of the other party.

14. **DUST AND STANDING WATER:**  Each party agrees to take reasonable steps to eliminate unreasonable dust and standing water (e.g., watering ground before using or working the ground in an effort to keep dust down).

15. **LEASE, RENT OR NON-OWNER OCCUPY:**  Each of the parties agree that in the event either party shall lease, rent or in any other way have a third party occupy their property covered by Agreement, they will notify the invitee or renter of Agreement and take reasonable steps to insure that they comply with Agreement.  If either party sells, leases, rents, or in any other way has a third party occupy any of the property covered by Agreement, the party shall notify all other parties to Agreement within five (5) days after the sale, lease, renting, or occupying of the third party.  This provision shall not apply if the subject party vacates the premises and retains no right of possession or control of the property with no possibility of reversion of the conveyance. Should any party hereto re-obtain a possessory interest in the property this provision shall again become operative.

16. **GOVERNMENT AGENCIES:**  Neither party shall contact government agencies to report the other party unless there is an emergency.

17. **EXPIRATION:**  This mutual injunctive order with enforcement order will expire upon the sale of all property covered by Agreement by CHRIS JACKSON and NANCY HOLMAN or JOHN HADDAD.

18. **TIME IS OF THE ESSENCE:**  Time is of the essence as to every covenant, condition and provision of this Agreement.

19. **RELEASE:**  Except for the covenants created by Agreement, on and as of this effective date of Agreement, the parties to Agreement (and any and all subsidiaries, affiliated corporations, or other

PDF created with pdfFactory trial version www.pdffactory.com

entities owned in whole or in part by the parties, and their respective directors, officers, shareholders, agents, servants, representatives, employees, and attorneys of each of them, separately and collectively) do hereby fully release each other of and from any and all action, causes of action, death, guarantees, warranties (express or implied), balances, liabilities, demands, obligations, costs, expenses, attorney's fees, damages, and liens of every kind or nature whatsoever (hereinafter collectively referred to as "claim(s)"), whether known or unknown, suspected or unsuspected, fixed or contingent, which the parties have or may hereinafter have against each other, concerning the Action, or arising out of the facts, allegations, claim(s), or assertions set forth or made in any manner therein by the parties prior to the date of the filing of this order.

20.     **UNKNOWN CLAIMS**.  The parties acknowledge and agree that the execution of Agreement shall be a full and final settlement of, and a bar to, each and every claim or claims the parties have or may have hereafter against each other, arising out of or relating to the matters which are the subject of the Action or Agreement except for actions subsequently to the date of signing of Agreement. Further, the parties acknowledge that they have each been informed by their attorneys concerning, and that they are each familiar with and **waive, the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:**

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with the debtor.**

21.     **DISMISSAL OF RELATED CASES:**  Kern County Superior Court Case CV-259524, Myers v. Jackson, Kern County Superior Court Case CV-260462, Holman v. Haddad, and Kern County Superior Court Case CV-261504, John Haddad v. Pacific Gas & Electric Co., shall all be dismissed with waiver of costs, with each party bearing their own attorney's fees.

22.     **REMEDY FOR BREACH OF AGREEMENT:**   If either party contends a breach of

A Mutual Injunctive Order With Enforcement Order          5

PDF created with pdfFactory trial version www.pdffactory.com

Agreement, the parties shall settle their disputes via arbitration.

    a) **Arbitrator:** Kenneth Byrum, Esq., 5500 Ming Avenue, Suite 140, Bakersfield, California 93309; (661) 861-6191 will act as the agreed upon arbitrator. If Kenneth Byrum is unavailable, then Oliver Robinson will serve as arbitrator. If Oliver Robinson is unavailable, then each party will propose two separate names to arbitrate the dispute. The parties will go with any mutually submitted arbitrator. If there is none, the parties will meet and confer as to an agreeable arbitrator within 10 days of the first attempt to arbitrate. If both parties cannot agree to an arbitrator, then an arbitrator will be appointed by the Kern County Superior Court. The arbitrator shall be empowered to award liquidated damages to the prevailing party.

    b) **Liquidated Damages:** The losing party shall be awarded liquidated damages in the amount of $5,000.00.

    c) **Costs of Repair:** The losing party shall be ordered to pay the reasonable costs of repairs as determined by the arbitrator.

    d) **Attorney's Fees:** The losing party shall bear the reasonable attorney's and expenses of the prevailing party.

    e) **Arbitrator's Fees:** The losing party shall pay all arbitrator's fees for the cost of the arbitration.

    f) **Award of Damages:** All awards by the arbitrator shall be reduced to judgment by order of this court.

23. **REMEDIAL BREACH:** If a breach of Agreement is remedial, then the aggrieved party will notify the offending party in writing of the proposed breach of the agreement. From the date of notice, the offending party will have 15 days to remediate the offending action. Failure to remediate within the 15-day time period, or longer if agreed to in writing, shall permit the aggrieved party to file for

PDF created with pdfFactory trial version www.pdffactory.com

arbitration.

24. **REMEDIES RESERVED:** Should any party to this Agreement suffer any personal injury occurring as a result of the negligence or intentional tort of any other party to this Agreement, including those individuals in the definition of Party in Paragraph 2 herein, the injured party shall not be limited in their recovery by any term of this Agreement. The injured party may prosecute their cause of action in any court of proper jurisdiction and venue, and is excused from the arbitration clause, the liquidated damages clause, the recovery of attorney's fees and costs clause and the notice clause. The prosecution of any action pursuant to this section shall not invalidate any other provision of the Agreement not directly contrary to the remedies allowed thereby.

25. **WARRANTY AGAINST ASSIGNMENT:** The parties to Agreement hereby warrant that any claim or claims have not been assigned to any other person, entity, association or corporation and that they own all claims related to or arising out of the matter asserted in the Action. The parties further agree to defend, indemnify and hold each other harmless from any and all claims, causes of action, damages, attorney's fees, court costs, or injury in any way related to the breach of the warranty contained in this paragraph.

26. **NO THIRD PARTY BENEFICIARIES:** Except as may be otherwise specifically provided in Agreement, nothing herein, whether express or implied, is intended or shall be construed to confer upon or give any person (other than the parties hereto) any rights or remedies under or by reason of any term, provision, condition, undertaking, warranty, representation, or agreement herein contained.

27. **ACKNOWLEDGEMENT OF OPPORTUNITY TO REVIEW:** Each of the parties executing Agreement hereby acknowledges that he/she has been given the opportunity to review it individually as well as with an attorney, fully understands the terms of Agreement and fully enters into Agreement of his or her own free will and choosing.

PDF created with pdfFactory trial version www.pdffactory.com

28. **ATTORNEY'S FEES AND COSTS:** Each of the parties hereto understands and agrees that Agreement includes a waiver of all claims for costs, expenses, and attorney's fees, taxable or otherwise, incurred in, relating to, or arising out of Agreement or the Action or the filing or prosecution of this Action.

29. **COUNTERPARTS; FACSIMILES:** Agreement may be executed in several counterparts and all such executed counterparts shall constitute one agreement binding on all parties hereto, notwithstanding all the parties hereto are not signatories to the original or to the same counterpart. An executed copy and an executed facsimile of Agreement shall be deemed as binding and effective as an executed original agreement.

30. **ENTIRE AGREEMENT:** Agreement constitutes the entire agreement of understanding between the parties hereto concerning the subject matter of Agreement and replaces all prior releases and/or settlement agreements, replaces all prior negotiations and proposed agreements, written or oral. All words, phrases, sentences, and paragraphs, including the recitals hereto, are material to the execution hereof.  Each of the signatories hereto each acknowledges that no other party, nor any agent or attorney of any other party, has made any promise, representation, or warranty whatsoever, express or implied, not contained herein, concerning the subject matter hereof, to induce them to execute Agreement, and acknowledge that each has not executed Agreement in reliance upon any such promises, representations, or warranty not contained herein.  Any modification of Agreement must be in writing and signed by the parties.

31. **EXECUTION AND AUTHORITY:** All executed copies are duplicate originals, equally admissible into evidence.  Each of the persons executing Agreement on behalf of the party on whose behalf he/she purports to act, represents and warrants that he/she is duly authorized to execute Agreement on behalf of such party.

PDF created with pdfFactory trial version www.pdffactory.com

32. **FULL AND INDEPENDENT KNOWLEDGE:** Agreement has been carefully read by all parties and the contents hereof are known and understood by all parties.  The parties have each received independent legal advice from attorneys, if any, of their choice with respect to the preparation, review and advisability of executing Agreement.  Prior to the execution of Agreement by each party, the parties and their attorneys, if any, reviewed the agreement and the parties acknowledge that they have executed Agreement after independent investigation of all relevant facts and without fraud, duress or undue influence.

33. **BENEFIT:**    The agreement shall bind and inure to the benefit of each of the signatories hereto and any and all subsidiary or affiliated corporations or other entities owned in whole or in part by them, and their respective associates, owners, stockholders, successors, predecessors, heirs, assigns, agents, directors, officers, partners, employees, representatives, attorneys, and all persons acting by, through, under, or in concert with them, or any of them, and the successors and assigns of each of them, separately and collectively, unless limited by this Agreement by termination of this agreement. i.e; by the sale of the parties real property.

34. **NO INDUCEMENT:** Each party agrees that if the facts with respect to which Agreement is executed are found hereafter to be different from the facts now believed by any party, each party expressly accepts and  assumes the risk of such possible difference in fact and agrees that Agreement shall remain effective, not withstanding such differences.  Each party declares and represents that no promise, inducement or other agreement not expressly contained herein has been made to induce Agreement.

35. **ATTORNEY FEES:**  In the event that legal action or arbitration is brought to enforce Agreement, the prevailing party shall be entitled to recover his/her reasonable attorney's fees and costs as outlined in Agreement only.

36. **EFFECTUATION:**  The parties will execute any and all documents and do all things as

PDF created with pdfFactory trial version www.pdffactory.com

may be necessary to carry out the terms of Agreement.

37.   **INTERPRETATION, GOVERNING LAW, AND VENUE:** Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the parties, regardless of who was found to have drafted it.  Agreement shall be governed by the laws of the State of California.  Should an action arise to enforce the terms of the Agreement including the Court Order, those actions shall be filed with the United States District Court, for the Eastern District of California, sitting in Fresno. **JURISDICTION OF THIS DISTRICT COURT IS EXPRESSLY RESERVED FOR ENFORCEMENT OF THIS AGREEMENT.**

38.   **ENFORCEABILITY:** Agreement is enforceable and/or binding as outlined in Agreement.

39.   **SEVERABILITY:** Should any provision, part or term of Agreement be declared or determined by a court of competent jurisdiction to be illegal, invalid, or unenforceable, the legality, validity and enforceability of the remaining parts, terms, or provisions, shall not be affected thereby and said illegal, invalid or unenforceable provisions, part or term shall be deemed not to be part of Agreement.

40.   **NO ADMISSION OF LIABILITY OR WRONGDOING:** This Agreement is a compromise settlement of disputed claims and the covenants and provisions contained in this Agreement shall not be deemed or construed as an admission of liability by either Party to any Party, person or entity.  Any such liability is expressly denied and disclaimed.  This Agreement shall be inadmissible as evidence in any proceeding other than a proceeding concerning the interpretation and/or enforcement of this Agreement.

Each party having read, understood and agreed to be bound by the terms and conditions of Agreement, does hereby execute Agreement by affixing their signatures hereto.

Dated: _____, 2008

A Mutual Injunctive Order With Enforcement Order          10

PDF created with pdfFactory trial version www.pdffactory.com

```
                                      By:_____
                                            JOHN HADDAD


       Dated: _____, 2008



                                      By:_____
                                            CHRIS JACKSON


       Dated: _____, 2008



                                      By:_____
                                            NANCY HOLMAN
```

APPROVED AS TO FORM AND CONTENT:

Dated: _____, 2008

```
                                      By:_____
                                            H. TY KHARAZI, Esq.
                                            Attorney for JOHN HADDAD
```

Dated: _____, 2008

```
                                      By:_____
                                            RICHARD O. MIDDLEBROOK, Esq.
                                            Attorney for JACKSON and HOLMAN
```

GOOD CAUSE APPEARING THEREFORE, AND BASED ON THE STIPULATION OF THE PARTIES, IT IS SO ORDERED:

A Mutual Injunctive Order With Enforcement Order        11

PDF created with pdfFactory trial version www.pdffactory.com

Dated: September 9, 2008            By: /s/ OLIVER W. WANGER
                                                                    , Judge
                                    JUDGE OF THE UNITED STATES DISTRICT COURT

A Mutual Injunctive Order With Enforcement Order            12

PDF created with pdfFactory trial version www.pdffactory.com