H. Ty Kharazi, Esq.; SBN 187894
***KHARAZI & SIRABIAN***
1145 E. Shaw Avenue
Fresno, CA 93710
Tel: (559) 266-4030
Fax: (559) 266-4236


Attorney for Plaintiff, JOHN HADDAD


# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JOHN HADDAD ) <br> ) <br>     Plaintiff/Cross-Defendant, ) <br> ) <br> ) <br> vs. ) <br> ) <br> CHRIS JACKSON, NANCY HOLMAN, ) <br> ) <br>     Defendants/Cross-Complainants. ) <br> _____) | Case No. 1:07-CV-01676-OWW-DLB <br><br> **JUDGMENT** |

IT IS HEREBY ADJUDICATED AS FOLLOWS:

**AGREEMENT TO ENTER INTO STIPULATION**: The parties had agreed to enter into a stipulation for mutual injunctive orders with remedies specifically as outlined in this document.  This agreement was signed by the court on September 11, 2008.  The parties specifically waived further redress of grievances and any legal remedial rights they may have by law if not contained in their agreement

.       **PARTIES TO THE LITIGATION:**  Parties agree that the orders adjudicated herein

shall affect and binding on JOHN HADDAD, CHRIS JACKSON and NANCY HOLMAN. The parties agreed and it is hereby ordered that Nancy Holman is a defendant and cross-complainant in this matter. Moreover, the parties shall be held responsible for actions taken on their behalf or at their direction by directors, officers, shareholders, agents, servants, representatives, employees, assigns and attorneys of each of them, separately and collectively.

The following shall be the court's order affecting the parties as between them

1. **INJUNCTIVE ORDER AGAINST DEROGATORY WORDS AND ACTIONS:**

    Neither party shall make derogatory comments, gestures or noises to or about the other party within the other party's presence or earshot, or allow others in their presence to do so. All parties shall direct their employees and guests to refrain from such derogatory comments, gestures and noises, and shall take responsible action to insure that such derogatory comments, gestures and/or noises shall not occur.

2. **NO PHOTOGRAPHY OR VIDEO RECORDING:**  The parties shall not videotape or photograph each other unless it is to prove a violation of this injunctive order. Each party's stationary surveillance of their own respective property is allowed. Neither party shall use stationary surveillance of the other party's property. The purpose of this provision is to prohibit harassment.

3. **NOISE VIOLATIONS:**  Neither party shall cause any noise to emanate from their property that can be heard 150 feet or more away from 9:00 p.m. to 6:00 a.m. weekdays and 10:00 p.m. to 6:00 a.m. on weekends. In the event there is a social gathering or other large event at either party's property which is likely to violate this provision, such party shall notify the other party 72 hours in advance of the event in a manner likely to provide notice of the event or gathering.

4. **TRESPASS:** Neither party shall trespass on the other party's property or allow others to do so, nor permit debris or other items of personal property owned or controlled by them, to be placed on the other party's property.

5. **DAMAGE:** Neither party shall intentionally damage the other party's property.

6. **HARASS:** Neither party shall harass, annoy, vex, threaten, strike, harm, or impede the progress of the other party.

7. **ANIMALS:** Neither party shall harm or take any action that will foreseeably harm the other party's animals. If either party's animals shall stray onto the other party's property, the animals will be returned forthwith. If the animals cannot be returned forthwith, the party onto whose property the animals have strayed shall notify the other party immediately.

8. **UTILITIES:** The parties agree to stay away from each other's phone boxes. JACKSON will not volunteer to do PG&E work on HADDAD's properties and if requested JACKSON will inform PG&E that he is not permitted to enter onto HADDAD's properties as a result of this mutual agreement.

9. **OFF-PROPERTY WORK:** If either HADDAD or JACKSON/HOLMAN proposes to do work outside of their property boundaries, they shall first provide to the other party with at least 15 days written notice of the nature, scope and proposed commencement date of the work. If a party objects to the work, they shall contact the arbitrator within three (3) business days and arbitration shall commence within 30 days, and no work shall commence until the arbitrator's decision is rendered.

10. **SHEET METAL FENCING:** All sheet metal fencing and spray painted signs on the fence near the property line between Round Mountain Road and Kern River by

HADDAD's property will be removed.  All pallets, metal tanks and debris shall be moved away from the HADDAD – JACKSON/HOLMAN fence line.  No new signs will be installed on the new wall or any other fences between the parties' respective properties.

11. **LIGHTS:**  All lights under the control of either party shall not be directed to shine on the dwelling or property of the other party.

12. **DUST AND STANDING WATER:**  Each party shall take reasonable steps to eliminate unreasonable dust and standing water (e.g., watering ground before using or working the ground in an effort to keep dust down).

13. **LEASE, RENT OR NON-OWNER OCCUPY:**  Each of the parties agree that in the event either party shall lease, rent or in any other way have a third party occupy their property covered by Agreement, they will notify the invitee or renter of Agreement and take reasonable steps to insure that they comply with Agreement.  If either party sells, leases, rents, or in any other way has a third party occupy any of the property covered by Agreement, the party shall notify all other parties to Agreement within five (5) days after the sale, lease, renting, or occupying of the third party.  This provision shall not apply if the subject party vacates the premises and retains no right of possession or control of the property with no possibility of reversion of the conveyance. Should any party hereto re-obtain a possessory interest in the property this provision shall again become operative.

14. **GOVERNMENT AGENCIES:**  Neither party shall contact government agencies to report the other party unless there is an emergency.

15. **EXPIRATION:**  This mutual injunctive order with enforcement order will expire upon the sale of all property covered by Agreement by CHRIS JACKSON and NANCY

HOLMAN or JOHN HADDAD.

16. **RELEASE:** Except for the covenants created by this order, on and as of this effective date of their Agreement, the parties (and any and all subsidiaries, affiliated corporations, or other entities owned in whole or in part by the parties, and their respective directors, officers, shareholders, agents, servants, representatives, employees, and attorneys of each of them, separately and collectively) shall fully release each other of and from any and all action, causes of action, death, guarantees, warranties (express or implied), balances, liabilities, demands, obligations, costs, expenses, attorney's fees, damages, and liens of every kind or nature whatsoever (hereinafter collectively referred to as "claim(s)"), whether known or unknown, suspected or unsuspected, fixed or contingent, which the parties have or may hereinafter have against each other, concerning the Action, or arising out of the facts, allegations, claim(s), or assertions set forth or made in any manner therein by the parties prior to the date of the filing of this order.

17. **UNKNOWN CLAIMS**. This order shall act as a full and final settlement of, and a bar to, each and every claim or claims the parties have or may have hereafter against each other, arising out of or relating to the matters which are the subject of the Action or Agreement except for actions subsequently to the date of signing of Agreement. Further, the parties acknowledge that they have each been informed by their attorneys concerning, and that they are each familiar with and waive, the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with the debtor.

18. **REMEDY FOR BREACH OF AGREEMENT**:   If either party contends a breach of

Agreement, the parties shall settle their disputes via arbitration.

a) **Arbitrator:** Kenneth Byrum, Esq., 5500 Ming Avenue, Suite 140, Bakersfield, California 93309; (661) 861-6191 will act as the agreed upon arbitrator. If Kenneth Byrum is unavailable, then Oliver Robinson will serve as arbitrator. If Oliver Robinson is unavailable, then each party will propose two separate names to arbitrate the dispute. The parties will go with any mutually submitted arbitrator. If there is none, the parties will meet and confer as to an agreeable arbitrator within 10 days of the first attempt to arbitrate. If both parties cannot agree to an arbitrator, then an arbitrator will be appointed by the Kern County Superior Court. The arbitrator shall be empowered to award liquidated damages to the prevailing party.

b) **Liquidated Damages:** The losing party shall be awarded liquidated damages in the amount of $5,000.00.

c) **Costs of Repair:** The losing party shall be ordered to pay the reasonable costs of repairs as determined by the arbitrator.

d) **Attorney's Fees:** The losing party shall bear the reasonable attorney's and expenses of the prevailing party.

e) **Arbitrator's Fees:** The losing party shall pay all arbitrator's fees for the cost of the arbitration.

f) **Award of Damages:** All awards by the arbitrator shall be reduced to judgment by order of this court.

19. **REMEDIAL BREACH:** If a breach of Agreement is remedial, then the aggrieved party will notify the offending party in writing of the proposed breach of the agreement. From the date of notice, the offending party will have 15 days to remediate the offending

action.  Failure to remediate within the 15-day time period, or longer if agreed to in writing, shall permit the aggrieved party to file for arbitration.

20. **REMEDIES RESERVED:**  Should any party to this Agreement suffer any personal injury occurring as a result of the negligence or intentional tort of any other party to this Agreement, including those individuals in the definition of Party, the injured party shall not be limited in their recovery by any term of this Agreement.  The injured party may prosecute their cause of action in any court of proper jurisdiction and venue, and is excused from the arbitration clause, the liquidated damages clause, the recovery of attorney's fees and costs clause and the notice clause.  The prosecution of any action pursuant to this section shall not invalidate any other provision of the Agreement not directly contrary to the remedies allowed thereby.

21. **ATTORNEY'S FEES AND COSTS:**  Each of the parties hereto understands and agrees that Agreement includes a waiver of all claims for costs, expenses, and attorney's fees, taxable or otherwise, incurred in, relating to, or arising out of Agreement or the Action or the filing or prosecution of this Action.

22. **ATTORNEY FEES:**  In the event that legal action or arbitration is brought to enforce Agreement, the prevailing party shall be entitled to recover his/her reasonable attorney's fees and costs as outlined in Agreement only.

22. **INTERPRETATION, GOVERNING LAW, AND VENUE:**  Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any of the parties, regardless of who was found to have drafted it.  Agreement shall be governed by the laws of the State of California.  Should an action arise to enforce the terms of the

Agreement including the Court Order, those actions shall be filed with the United States District Court, for the Eastern District of California, sitting in Fresno.

23. **ENFORCEABILITY:** Agreement is enforceable and/or binding as outlined in Agreement.

APPROVED AS TO FORM AND CONTENT:

Dated: September 16, 2008


By:_____//s//_____
        RICHARD O. MIDDLEBROOK, Esq.
        Attorney for JACKSON and HOLMAN


IT IS SO ORDERED.

**Dated:   September 24, 2008**              **/s/ Oliver W. Wanger**
                                     UNITED STATES DISTRICT JUDGE