H. Ty Kharazi, Esq.; SBN 187894
***YARRA, KHARAZI & ASSOCIATES***
1250 Fulton Mall
Fresno, CA 93721
Tel: (559) 441-1214
Fax: (559) 441-1215

Richard Middlebrook,; SBN 167723
**Law Offices of Richard O. Middlebrook, APC**
5201 California Ave Ste 450
Bakersfield, CA 93309
Tel: (661) 636-1333
Fax: (661) 636-1343

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| JOHN HADDAD | Case No. 1:07-CV-01676-AWI-JLT |
| Plaintiff/Cross-Defendant, | **STIPULATED AMENDED JUDGMENT AND ORDER THEREON** |
| vs. | |
| CHRIS JACKSON, NANCY HOLMAN, | |
| Defendants/Cross-Complainants. | |

IT IS HEREBY STIPULATED BETWEEN THE PARTIES AS FOLLOWS AS FOLLOWS:

<u>**RECITALS**</u>

**WHEREAS** The parties, as set forth herein, below had agreed to enter into a stipulation for mutual injunctive orders with remedies ("Stipulation") and;

**WHEREAS** The Stipulation was signed by the Court on September 11, 2008;

1

**STIPULATED AMENDED JUDGMENT AND ORDER THEREON**

**WHEREAS** The Stipulation was thereafter reduced to judgment by the Court on September 16, 2008 by order of the Honorable Judge Oliver W. Wanger ("Judgment");

**WHEREAS** The Parties thereafter participated in arbitration under the terms of the Judgment with arbitrator Kenneth Byrum finding in favor of Jackson/Hollman and against Haddad awarding Jackson/Hollman $260,337.50 on December 17, 2009 ("Award");

**WHEREAS** Haddad filed a motion to vacate the Award before this Court which was denied by the Court on July 16, 2010 ("Denial");

**WHEREAS** Haddad filed an appeal of the Court's denial of motion to vacate Award to the United States Court of Appeals for the 9th Circuit as case number 10-16776 on August 11, 2010 ("Appeal");

**WHEREAS** The Parties, in order to resolve Haddad's Appeal, engaged in mediation with the 9th Circuit Court of Appeals Mediator enter into this Stipulated Amended Judgment as follows:

## STIPULATION

**NOW THEREFORE** The Parties specifically waive further redress of grievances and any legal remedial rights they may have by law if not contained in this Stipulated Amended Judgment under the following terms, injunctions, and remedies set forth herein, including dismissal of Appeal as set forth below.

**1. PARTIES TO THE LITIGATION:** The Parties as identified in this paragraph and consistent with the caption above, agree that the orders entered herein and as approved by the District Court shall affect and be binding on John Haddad ("Haddad"), Chris Jackson ("Jackson") and Nancy Hollman ("Hollman"). The Parties agreed and it is hereby ordered that Nancy Holman remains a defendant and cross-complainant in this matter. Moreover, the Parties shall be held responsible for actions taken at their direction by agents, servants, representatives, and assigns of each of them.

**2. TERMS OF PAYMENT AND CREDIT:** John Haddad shall pay Chris Jackson, Nancy Hollman and their attorney Richard O. Middlebrook, A Professional Corporation, jointly the sum of One

Hundred Fifty Five Thousand Dollars ($155,000) in US tender i.e. bank draft and grant a Credit to satisfy the Award of the arbitrator which is subject the Appeal ("Payment").  The Credit awarded to Jackson/Hollman shall be in the amount of One Hundred Fifteen Thousand Dollars ($115,000) which may be used in the future arbitrations, should an award be made against Jackson and/or Hollman ("Credit").  However, said credit may not be used by Jackson or Hollman to offset any damage arbitrator may find against them arising out of any acts which were determined to be intentional, wanton, and committed with a reckless disregard for the safety and security of Haddad and/or his property. The Payment shall be due and payable in immediately available funds on or before January 14, 2012 or after approval by the District Court whichever occur last.  Should payment not be made as contemplated herein, Haddad shall pay interest at the rate of 1% per month until paid in full.  Time is of the essence.  In the event the court does approve this agreement by on or before February 15 , 2012 and, should full payment not be made by March 1st, 2012 the parties agree at Jackson/Hollman's election, that the entire Award shall be reduced to judgment together with legal interest accruing from December 17, 2009.

**3. DISMISSAL OF APPEAL:**  The parties shall jointly file a conditional dismissal of the Appeal with the 9th Circuit Court of Appeals without prejudice to allow for jurisdiction to be conferred upon the District Court.  Once that dismissal without prejudice has been filed, this Stipulated Amended Judgment will be submitted to the District Court for its approval. Once the District Court executes the Stipulated Amended Judgment, then the appeal remains dismissed. Each party agrees to bear their own costs and fees for the Appeal upon passing of all conditions set forth herein.

 **4. INJUNCTIVE ORDER AGAINST DEROGATORY WORDS AND ACTIONS:**  Neither Party shall make derogatory comments, gestures or noises to or about the other party within the other party's presence or earshot, or allow others in their presence to do so within their presence. All Parties shall direct their employees and guests to refrain from such derogatory comments,

YARRA, KHARAZI & ASSOCIATES
1250 Fulton Mall
Fresno, CA 93721

gestures and noises, and shall take reasonable actions to insure that such derogatory comments, gestures and/or noises shall not occur.

**5.NO PHOTOGRAPHY OR VIDEO RECORDING:** The Parties shall not videotape or photograph each other or each other's property unless it is to prove a violation of this injunctive order. Each Party's stationary surveillance of their own respective property is allowed. Neither Party shall fix their stationary surveillance camera on the other Party's property. The purpose of this provision is to prohibit harassment.

**6.NOISE VIOLATIONS:** Neither Party shall cause any noise to emanate from their property that can be heard 150 feet or more away from 9:00 p.m. to 6:00 a.m. weekdays and 10:00 p.m. to 6:00 a.m. on weekends. In the event there is a social gathering or other large event at either Party's property which is likely to violate this provision, such Party shall notify the other party 72 hours in advance of the event in a manner likely to provide notice of the event or gathering.

**7.TRESPASS:** Neither Party shall trespass on the other Party's property or allow others to do so, nor permit debris or other items of personal property owned or controlled by them, to be placed on the other Party's property.

**8.DAMAGE:** Neither Party shall intentionally damage the other Party's property.

**9.HARASS:** Neither Party shall harass, annoy, vex, threaten, strike, harm, or impede the progress of the other Party.

**10.ANIMALS:** Neither Party shall harm or take any action that will foreseeably harm the other Party's animals. If either Party's animals shall stray onto the other Party's property, the animals will be returned forthwith. If the animals cannot be returned forthwith, the Party onto whose property the animals have strayed shall notify the other Party immediately.

**11.UTILITIES:** The Parties agree to stay away from each other's phone boxes. Jackson will not volunteer to do PG&E work on Haddad's properties and if requested Jackson will

inform PG&E that he is not permitted to enter onto Haddad's properties as a result of this Stipulated Amended Judgment.  Haddad agrees not to contact Jackson's employer PG&E regarding Jackson except for Jackson breaching this agreement and volunteers or performs works on any Property owned by Haddad.

**12. OFF-PROPERTY WORK:** If either Haddad or Jackson/Hollman proposes to do work outside of their property boundaries on the adjoining or adjacent easements, they shall first provide to the other Party with at least 15 days written notice of the nature, scope and proposed commencement date of the work.  If a Party objects to the work, they shall contact the arbitrator within three (3) business days and arbitration shall commence within 30 days, and no work shall commence until the arbitrator's decision is rendered.   This delay however may not be applicable in the event of an emergency.

**13. SHEET METAL FENCING:** No raw sheet metal fencing or spray painted signs may be erected along the property line between the Parties' properties on Round Mountain Road, Kern County, California.  All fencing used by the parties shall be aesthetically pleasing because the intent of this section is to remove all "hate fences."

**14. LIGHTS:** All lights under the control of either Party shall not be directed to shine on the dwelling or property of the other Party.

**15. DUST AND STANDING WATER:** Each Party shall take reasonable steps to eliminate unreasonable dust and standing water (e.g., watering ground before using or working the ground in an effort to keep dust down).

**16. LEASE, RENT OR NON-OWNER OCCUPY:** Each of the Parties agrees that in the event either Party shall lease, rent or in any other way have a third party occupy any properties on Round Mountain Road in Kern County, California they will notify the invitee or rentee of this Amended Stipulated Judgment and take reasonable steps to insure that they comply with the

same. If either Party leases, rents, or in any other way has a third party occupy any of the Round Mountain Road properties that Party shall notify all other Parties to this Amended Stipulated Judgment within five (5) days after the lease, renting, or occupying of the third party.

In the event a party sells his or her property to a bonafide purchaser and leaves the neighborhood altogether then this agreement shall terminate. A bonafide purchaser is defined as a person who entered into an arms length negotiation to purchase the entire interest of the selling party and thereby depriving the selling party from any possessory or ownership rights to the property. For the purpose of this agreement "leaving the neighborhood altogether" means that the seller has sold all interests in all properties he or she owns on Round Mountain Road to a bonafide purchaser.

Haddad specifically covenants that he will not permit Jay Calhoun or Jerry Meyers or former tenant Pena to occupy or enter onto any property owned by Haddad on Round Mountain Road at any time.

**17. GOVERNMENT AGENCIES:** Neither Party shall contact government agencies to report the other Party unless there is an emergency or matter of exigent circumstances.

**18. EXPIRATION:** This Stipulated Amended Judgment shall terminate upon the occurrence of (a) the death of Party, Jackson and Hollman or Haddad or (b) the sale to a bonafide purchaser and move away of the subject premises. Should any Party repurchase or resumes a possessory interest in the subject premises, this Stipulated Amended Judgment shall again become enforceable to its full extent as long as the other party continues to own a possessory interest on a property on Round Mountain Road, Kern County, California.

**19. RELEASE:** Except for the covenants herein, on and as of this effective date of the Stipulated Amended Judgment, the Parties (and any and all subsidiaries, affiliated corporations, or other entities owned in whole or in part by the Parties, and their respective directors, officers, shareholders, agents, servants, representatives, employees, and attorneys of each of them, separately and collectively)

YARRA, KHARAZI
& ASSOCIATES
1250 Fulton Mall
Fresno, CA 93721

shall fully release each other of and from any and all action, causes of action, death, guarantees, warranties (express or implied), balances, liabilities, demands, obligations, costs, expenses, attorney's fees, damages, and liens of every kind or nature whatsoever (hereinafter collectively referred to as "claim(s)"), whether known or unknown, suspected or unsuspected, fixed or contingent, which the Parties have or may hereinafter have against each other, concerning the Action, or arising out of the facts, allegations, claim(s), or assertions set forth or made in any manner therein by the Parties prior to the date of the filing of this Stipulated Amended Judgment.

**20. UNKNOWN CLAIMS**.  This Stipulated Amended Judgment shall act as a full and final settlement of, and a bar to, each and every claim or claims the Parties have or may have hereafter against each other, arising out of or relating to the matters which are the subject of this matter except for actions subsequent to the date of Award.  Further, the Parties acknowledge that they have each been informed by their attorneys concerning, and that they are each familiar with and waive, the provisions of Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which, if known by him, must have materially affected his settlement with the debtor.

**21. REMEDY FOR BREACH OF AGREEMENT**: If either Party contends a breach of Stipulated Amended Judgment, the Parties shall settle their disputes via arbitration.  The aggrieved Party shall deliver notice to the violating Party within 17 days of the discovery of any alleged violation unless the violation is remedial in nature as defined below.  Failure to notify the violating Party within 17 days of discovery of the alleged violation will constitute a waiver any claims for that specific violation.

a) <u>Arbitrator</u>: Oliver Robinson, Esq. will serve as arbitrator. If Oliver Robinson is unavailable or the parties agree to select a different arbitrator, then each Party will propose two separate names to arbitrate the dispute. The Parties will go with any mutually agreeable arbitrator. If there is none, the Parties will meet and confer as to an agreeable arbitrator within 10 days of the first attempt to arbitrate. If both Parties cannot agree to an arbitrator, then an arbitrator will be appointed by the U.S. District Court Judge or Magistrate Judge assigned to this case. The arbitrator shall be empowered to award liquidated damages to the prevailing Party. The venue for arbitration shall be Bakersfield, Kern County, California.

b) <u>Liquidated Damages</u>:   The prevailing Party shall be awarded liquidated damages in the amount of $5,000 per violation/occurrence.

c) <u>Costs of Repair</u>:  The losing Party shall be ordered to pay the reasonable costs of repairs as determined by the arbitrator.

d) <u>Attorneys' Fees</u>: The losing Party shall be ordered to pay the reasonable attorneys' fees and expenses of the prevailing Party. However, all attorneys' fees incurred by either side up to the date of signing of this Agreement shall be borne by that side.

e) <u>Arbitrator's Fees</u>:   The losing Party in all future arbitrations shall pay all arbitrator's fees and expenses for the cost of the arbitration.

f) <u>Award of Damages</u>:  All awards by the arbitrator shall be reduced to judgment by order of this court.

**22. REMEDIAL BREACH:** If a breach of this Stipulated Amended Judgment is remedial, then the aggrieved Party will notify the offending Party in writing of the proposed breach of the agreement.

For the purpose of this Agreement, Remedial Breach means a breach wherein a party must fix, repair or cause a change in their property's condition which is alleged to have caused a breach of this Agreement.

From the date of notice, the offending Party will have 15 days to remediate the offending action unless such remediation could not be completed within that time.  In that event, the party who is asked to remediate shall explain the nature and cause of delay and propose a timeline to remediate. Such explanation to be done within 15 days of demand and the parties shall agree to a timeline to remediate in writing.

Failure to remediate within the 15 day time period, or longer if agreed to in writing, shall permit the aggrieved Party to file for arbitration.

**23. REMEDIES RESERVED:** Should any Party to this Stipulated Amended Judgment suffer any personal injury occurring as a result of the negligence or intentional tort of any other Party to this Stipulated Amended Judgment, including those individuals in paragraph numbered 1 herein, the injured Party shall not be limited in their recovery by any term of this Stipulated Amended Judgment.  The injured Party may prosecute their cause of action in any court of proper jurisdiction and venue, and is excused from the arbitration clause, the liquidated damages clause, the recovery of attorney's fees and costs clause and the notice clause.  The prosecution of any action pursuant to this section shall not invalidate any other provision of the Stipulated Amended Judgment not directly contrary to the remedies allowed thereby.

**24. ENFORCEABILITY:** This Stipulated Amended Judgment is enforceable and binding as set forth herein.

Dated:  ___2/1/12_____          ___/s/ John Haddad_____
                                    John Haddad, Plaintiff/Cross-Defendant

Dated: ___1/29/12_____           ___/s/ Chris Jackson_____

                                          Chris Jackson, Defendant/Cross-Complainant

Dated:    1/29/12                      /s/ Nancy Hollman
                                          Nancy Hollman, Defendant/Cross-Complainant

Approved as to Form and Content.

Dated:    2/2/12                      /s/ H. Ty Kharazi
                                          H. Ty Kharazi, Attorney for Plaintiff and Cross-Defendant, Haddad

Dated:    1/30/12                     /s/ Richard O. Middlebrook
                                          Richard O. Middlebrook, Attorney for Defendants and Cross-Complainants Jackson/Hollman

## **ORDER**

BASED ON THE STIPULATION OF THE PARTIES, it is hereby ordered that the judgment in the above entitled matter is amended to conform to the above stipulation.

IT IS SO ORDERED.

Dated:  February 15, 2012                                    
                                                      CHIEF UNITED STATES DISTRICT JUDGE

YARRA, KHARAZI & ASSOCIATES
1250 Fulton Mall
Fresno, CA 93721

**STIPULATED AMENDED JUDGMENT AND ORDER THEREON**